IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MELISSA SCANLAN,<br><br>    Defendant. | Case No. 3:19-CR-30154-NJR-1 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release under the First Step Act filed by Defendant Melissa Scanlan. (Doc. 23). Scanlan asks the Court to reduce her sentence to time-served, pursuant to 18 U.S.C. § 3582(c)(1)(A), due to the COVID-19 pandemic and her health conditions. The Government has moved to dismiss Scanlan's motion. (Doc. 36). For the following reasons, the Government's motion is granted, and Scanlan's motion for compassionate release is denied.

## BACKGROUND

On August 22, 2018, Scanlan was charged in a nine-count indictment with conspiracy to distribute fentanyl, distribution of fentanyl, sale of counterfeit drugs, misbranding of drugs, and international money laundering conspiracy. Case No. 18-cr-30141-NJR, Docs. 1, 19. On October 30, 2019, Scanlan was charged by Information with the additional charge of Distribution of Fentanyl Resulting in Death. Case No. 19-cr-30154-NJR, Doc. 2.

On October 30, 2019, Scanlan pleaded guilty to all charges. Case No. 18-cr-30141-

NJR, Doc. 54; Case No. 19-cr- 30154-NJR, Doc. 5. As part of her plea agreement, Scanlan waived the following rights:

> 5. Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this Plea Agreement, **Defendant knowingly and voluntarily waives the right to seek modification of, or contest any aspect of, the conviction or sentence in any type of proceeding**, including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law. Defendant's waiver of the right to appeal or bring collateral attacks includes contesting: 1) the constitutionality of the statute(s) to which Defendant is pleading guilty or under which Defendant is sentenced; and 2) that the conduct to which Defendant has admitted does not fall within the scope of such statute(s).

(*Id.* at pp. 8-9).

On December 17, 2020, Scanlan filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on the "extraordinary and compelling" reasons presented by the COVID-19 pandemic. (Doc. 23). She argues she is vulnerable to severe illness from COVID-19 because she has asthma and is severely obese with a BMI of more than 40. Scanlan also cites the fact that she had a baby while in custody as an extraordinary and compelling circumstance. Scanlan notes that her elderly mother, who, due to her age is not well suited for childcare, currently is caring for the child.

In response, the Government has moved to dismiss Scanlan's motion for compassionate release, arguing that her request for a sentence reduction under 18 U.S.C. §3582(c)(1)(A) is barred by the terms of her plea agreement. (Doc. 36).

On March 15, 2021, Scanlan responded to the motion to dismiss. (Doc. 41). Scanlan admits that she waived her right to request a modification of her sentence as part of her

plea agreement, but argues that the COVID-19 pandemic was obviously not contemplated by either of the parties when the agreement was signed in October 2019. Scanlan urges the Court to view the waiver in a "different light" when considering the extraordinary circumstances created by COVID-19 and its effect on the prison population, in particular.

Unfortunately, the Court cannot do so. The Seventh Circuit Court of Appeals recently addressed the enforceability of an appellate waiver in a plea agreement as it pertains to motions for compassionate release. *United States v. Bridgewater*, 995 F.3d 591 (7th Cir. 2021). In *Bridgewater*, the Court held that a waiver containing the same language at issue here expressly and unambiguously extended to any attempt to seek compassionate release. *Id.* The defendant had waived the right to seek modification of any aspect of his sentence, and compassionate release under 18 U.S.C. § 3582(C)(1)(A) is "clearly a form of sentence modification." *Id.* Furthermore, the defendant waived his right to seek modification of his sentence in 2019, *after* the First Step gave inmates the right to seek modification without the support of the Bureau of Prisons. *Id.* "In other words, this type of modification proceeding was known and available when Bridgewater agreed not to use it." *Id.*

Importantly, the Court additionally found that the COVID-19 pandemic does not render a defendant's earlier waiver unknowing or involuntary. *Id.* "At worst, [the defendant] did not fully appreciate that he might wish to change his mind later. . . . Yet, such is the risk with plea-bargaining and waiver." *Id.* (quoting *United States v. Alcala*, 678 F.3d 574, 580 (7th Cir. 2012)); *see also United States v. McGraw*, 571 F.3d 624, 630–31 (7th

Cir. 2009) (quoting *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005) ("In a contract (and equally in a plea agreement) one binds oneself to do something that someone else wants, in exchange for some benefit to oneself. By binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one. That is the risk inherent in all contracts.")).

The *Bridgewater* decision forecloses Scanlan's attempt to seek compassionate release. The language of her plea agreement clearly extends to any attempt to "modify" her sentence in any type of proceeding. Moreover, she signed her plea agreement in October 2019, well after the First Step Act was enacted. Thus, the ability to modify her sentence through a compassionate release motion was known and available to Scanlan when she waived it, and the COVID-19 pandemic does not render that waiver unknowing or involuntary.

## Conclusion

Scanlan waived the right to seek modification of her sentence through a compassionate release motion under the express terms of her plea agreement, and the COVID-19 pandemic does not render her plea unknowing or involuntary. Accordingly, the Government's Motion to Dismiss (Doc. 36) is **GRANTED**, and Scanlan's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 23) is **DENIED.**

**IT IS SO ORDERED.**

DATED: May 19, 2021

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**